Lynda T. Bui – Bar No. 201002
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
E-mail:  lbui@shbllp.com
  mlowe@shbllp.com

Proposed Attorneys for Todd A. Frealy, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>**JOHN T. HANNA and MARIM I. ISTFANOUS,**<br>   Debtors.<br><br>**TODD A. FREALY, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of John T. Hanna and Marim I. Istfanous,**<br>   Plaintiff,<br>v.<br>**BOLA HENNIN, an individual,**<br>   Defendant. | Case No.  6:17-bk-20243-SY<br><br>Chapter 7<br><br>Adv. Case No.<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>**1) SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h); AND**<br><br>**2) DECLARATORY RELIEF**<br><br>**Status Conference**<br>Date:  To be set by Court<br>Time:  To be set by Court<br>Place:  Courtroom 302<br>    United States Bankruptcy Court<br>    3420 Twelfth Street<br>    Riverside, California 92501 |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine. CA 92618

1

Case 6:18-ap-01069-SY    Doc 1    Filed 03/16/18    Entered 03/16/18 13:26:54    Desc
Main Document    Page 2 of 7

Todd A. Frealy, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of John T. Hanna and Marim I. Istfanous ("Debtors"), respectfully alleges as follows:

## I. STATE OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rules of Bankruptcy Procedure 7001(3) (a proceeding to obtain approval under 11 U.S.C. §363(h) for the sale of both the interest of the estate and of a co-owner in property).

2. Plaintiff, as the Chapter 7 Trustee of the Debtors' Estate, has standing to bring this action pursuant to 11 U.S.C. § 323.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled *In re John T. Hanna and Marim I. Istfanous,* Case No. 6:17-bk-20243-SY on the docket of the Court.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

5. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## II. PARTIES

6. Plaintiff is the duly appointed, qualifying and acting Chapter 7 Trustee for the Debtors' Estate.

7. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein, Defendant Bola Hennin ("Defendant"), was and is an individual residing in the County of Strongsville, State of Ohio.

## III. GENERAL ALLEGATIONS

8. The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 13, 2017 (the "Petition Date").

9. Plaintiff is the duly appointed Chapter 7 Trustee for the Debtors' bankruptcy case.

///

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine. CA 92618

2

10. On their Bankruptcy Schedule A/B, the Debtors listed an interest in the real property located at 14600 Golden Trail, Victorville, CA 92392 ("Property"). The Debtors listed the Property as having a total value of $213,500.00. On their Schedule D, the Debtors listed a first mortgage on the Property in the amount of $84,234.22.

11. The Trustee is informed and believes that on May 2, 2011, an abstract of judgment was recorded against the Property against the Defendant only and not against the Debtors by creditor The Claims Center, LLC in the amount of approximately $34,145.99 ("Abstract of Judgment").

12. Based on a title search, the Trustee is informed and believes that title to the Property is currently held by "Bola Hennin, a single man and Marim Istfanous, a single woman, as joint tenants."

13. The Trustee is informed and believes and thereon alleges that the Debtors and Defendant have a joint ownership interest in the Property as joint tenants.

14. If the Estate were to sell the Property, there would be sufficient equity realized to make a fair distribution to creditors.

## IV. CLAIM FOR RELIEF

### Sale of Property

### 11 U.S.C. §363(h)

15. Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. Plaintiff desires to sell the joint tenancy interest in the Property of both the Estate and the Defendant (hereinafter, collectively, the "Co-Owners").

17. Partition in kind of the Property between the Estate and Defendant is impracticable and cannot be made without extreme prejudice to the Debtors' Estate and the Defendant.

18. A sale solely of the Estate's undivided interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interests of Defendant.

///

19. The benefit to the Estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.

20. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

21. Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. §363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Debtors' main bankruptcy case. Pursuant to such a motion, Plaintiff will provide for the distribution to Defendant (to the extent he shows a bona fide interest in the Property), and to the Debtors' Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property. Defendant's portion of the net proceeds, but not the Estate's portion, will also be reduced by the Abstract of Judgment.

## V.    CLAIM FOR RELIEF

### Declaratory Relief

22. Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Plaintiff and Defendant herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concern the continuing assertion by Defendant that he may assert claims herein to the Property to the damage and prejudice of Plaintiff.

24. Plaintiff is informed and believes and thereon alleges that title to the Property is currently held by Defendant and Marim Istfanous as joint tenants.

25. Plaintiff is informed and believes and thereon alleges that therefore, the Debtors have a one-half (1/2) interest in the Property.

26. Based on all of the above, Plaintiff respectfully requests from this Court a declaration that at least one-half (1/2) of the interest in the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code.

**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine. CA 92618

4

**WHEREFORE**, the Trustee prays that this Court make and enter Judgment as follows:

1. Approving the sale of both the interest of the Estate and of the Defendant in the Property;

2. Stating a declaration that at least one-half (1/2) of the interest in the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code and that the Abstract of Judgment will be paid only from Defendant's interest in the Property and not from the Estate's interest;

3. For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute and/or agreement of the parties; and

4. For such other relief as the Court deems just and proper.

Dated: March 16, 2018     **SHULMAN HODGES & BASTIAN LLP**

By: /s/ *Melissa Davis Lowe*
Lynda T. Bui
Melissa Davis Lowe
Proposed attorneys for Todd A. Frealy, Chapter 7 Trustee
for the bankruptcy estate of John T. Hanna and
Marim I. Istfanous

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine. CA 92618

5

B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>TODD A. FREALY, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of John T. Hanna and Marim I. Istfanous | **DEFENDANTS**<br>BOLA HENNIN, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lynda T. Bui – Bar No. 201002<br>Melissa Davis Lowe – Bar No. 245521<br>SHULMAN HODGES & BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CHAPTER 7 TRUSTEE'S COMPLAINT FOR: 1) SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h); AND 2) DECLARATORY RELIEF

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay |
| **FRBP 7001(3) – Approval of Sale of Property**<br>[1] 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>[2] 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JOHN T. HANNA and MARIM I. ISTFANOUS | BANKRUPTCY CASE NO.<br>6:17-bk-20243-SY | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE SCOTT H. YUN | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Melissa Davis Lowe* | | | |
| DATE<br>March 16, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Melissa Davis Lowe | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.